UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**MATTHEW HOUSEHOLDER**  **PLAINTIFF**

v.  **CIVIL ACTION NO. 5:24-CV-P98-JHM**

**SCOTT JORDAN et al.**  **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff Matthew Householder, a prisoner proceeding *pro se*, initiated this 42 U.S.C. § 1983 action. The complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, Plaintiff's claims will be dismissed.

### I. STATEMENT OF CLAIMS

Plaintiff, a prisoner incarcerated at the Kentucky State Penitentiary (KSP), sues the Kentucky Department of Corrections (KDOC) Commissioner Cookie Crews and Deputy Commissioner Scott Jordan and KSP Sergeant Jimo. He alleges that on July 14, 2023, after he finished his shower, he "stood patiently awaiting to receive state-issued clothing consisting of boxer shorts, socks, scrub top and bottom." However, despite his "verbal request," Defendant Jimo ignored him and "ordered him to return to his cell in the nude." Plaintiff states that he "then became irate and argumentative, pleading that Defendant Jimo's action could result in the violation of [Plaintiff's] rights." According to Plaintiff, Defendant Jimo continued to ignore his pleas and threatened to use force on him if he continued to argue and not comply. Apparently, at that time, Plaintiff returned to his cell as directed.

Plaintiff alleges that this incident triggered his "PTSD"; occasioned anxiety, loss of sleep, and paranoia; and made him fearful for his safety around correctional officers, especially

Defendant Jimo. He asserts that Defendants' acts and omissions in denying him clothing "deprived [him] of basic human needs" in violation of the Eighth Amendment and violated his Fourth Amendment right to be secure in his person against unreasonable search and seizure.

As relief, Plaintiff requests declarative relief, punitive damages, and that the Court order Defendants to "buy clothing."

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). When determining whether a plaintiff has stated a claim upon which relief may be granted, the Court must construe the complaint in a light most favorable to the plaintiff and accept all the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### A. Fourth Amendment

Plaintiff refers to the Fourth Amendment's right to be free from unreasonable search and seizure; however, here it is the Fourth Amendment's right to privacy which would apply. *See Cornwell v. Dahlberg*, 963 F.2d 912, 916 (6th Cir. 1992); *Wilson v. City of Kalamazoo*, 127 F. Supp. 2d 855, 860 (W.D. Mich. 2000) ("[C]ourts, including the Sixth Circuit, have recognized that inmates retain limited rights to bodily privacy under the Fourth Amendment."). Although

2

prisoners may retain reasonable expectations of bodily privacy in prison, such rights are necessarily curtailed due to the fact of confinement. *Cornwell*, 963 F.2d at 916. This limited right to privacy, among other things, "protects [prisoners] from being forced unnecessarily to expose their bodies to guards of the opposite sex." *Kent v. Johnson*, 821 F.2d 1220, 1227 (6th Cir. 1987). Thus, "a prison policy forcing prisoners to . . . be exposed to regular surveillance by officers of the opposite sex while naked – for example while in the shower or using a toilet in a cell – would provide the basis of a claim on which relief could be granted." *Mills v. City of Barbourville*, 389 F.3d 568, 579 (6th Cir. 2004). "In contrast, accidental viewing of a prisoner's naked body by a prison guard of the opposite sex is not a constitutional violation." *Jones v. Lawry*, No. 2:19-CV-49, 2019 WL 2482361, at *7 (W.D. Mich. June 14, 2019).

Here, Plaintiff does not allege that he was exposed even accidentally to members of the opposite sex. Consequently, the Court finds that Plaintiff does not state a Fourth Amendment claim. *See, e.g.*, *Smith v. Long*, No. 3:18-CV-00061, 2018 WL 3831394, at *4-5 (M.D. Tenn. Aug. 13, 2018) (finding that prisoner's allegation that the jail had cameras in bathroom stalls failed to rise to the level of a constitutional violation because plaintiff did not allege that females viewed the footage) (collecting cases); *Boyer v. Daviess Cnty. Det. Ctr.*, No. 4:19-CV-P77-JHM, 2019 WL 5225459, at *3 (W.D. Ky. Oct. 16, 2019) (finding that a prisoner's allegation that males had to shower in view of each other failed to state a claim upon which relief may be granted under § 1983).

## B. Eighth Amendment

The Eighth Amendment protects prisoners against "cruel and unusual punishments." U.S. Const. amend. VII. "[U]nder certain circumstances, the invasion of an inmate's bodily 'privacy' can violate the inmate's Eighth Amendment rights." *Everson v. Mich. Dep't of Corr.*, 391 F.3d

3

737, 757 n.26 (6th Cir. 2004); *see also Kent*, 821 F.2d at 1227-28 (holding that inmate had stated a claim under the Eighth Amendment by alleging that "female prison guards have allowed themselves unrestricted views of his naked body in the shower, at close range and for extended periods of time, to retaliate against, punish and harass him for asserting his right to privacy"); *Semelbauer v. Muskegon Cnty.*, No. 1:14-CV-1245, 2015 WL 9906265, at *4 (W.D. Mich. Sept. 11, 2015) (noting that in *Kent* the Sixth Circuit analyzed an inmate's cross-gender viewing claim under both the Fourth and the Eighth Amendments). Thus, in *Odom v. Kelley*, No. 3:17-CV-P118-DJH, 2017 WL 3014486, at *3 (W.D. Ky. July 14, 2017), this Court allowed a prisoner-plaintiff's Eighth Amendment claim that he was housed naked for fifteen days in view of female staff and nurses and others to go forward. Here, Plaintiff's allegation that he was made to walk naked back to his cell after his shower is a far cry fry from the situation in *Odom*. Plaintiff has alleged only a one-time occurrence, and he does not allege that any females were present. As such, the Court will dismiss this claim for failure to state a claim upon which relief may be granted.

The Eighth Amendment also requires prison officials to provide adequate food, clothing, shelter, and medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Allowing prisoners to be exposed to cold without adequate clothing can constitute an Eighth Amendment violation. *See, e.g.*, *Knop v. Johnson*, 977 F.2d 996, 1012 (6th Cir. 1992) (prison officials' exposure of prisoners to the Michigan winter without adequate clothing violated Eighth Amendment). Although Plaintiff asserts that Defendants' denial of clothing deprived him of a basic need, he does not allege that he was cold or exposed to the elements because of his lack of clothes, and nothing in the complaint suggests that the one-time deprivation of clothes from the shower to his cell during the middle of July rises to the level of an Eighth Amendment violation. *See, e.g.*, *Pena v. Brown*, No. 2:20-CV-250, 2021 WL 4350124, at *5 (W.D. Mich. Sept. 23, 2021) (holding that prison officials who

"refus[ed] to give [the prisoner-plaintiff] clean clothing after he urinated and defecated on the ones he was wearing [and] forc[ed] him to stay nude in a cold cell while his clothes were drying" did not violate the Eighth Amendment).

### III. CONCLUSION

For the foregoing reasons, the Court will enter a separate Order of dismissal.

Date: September 20, 2024

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.009

5